IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHRIS BATTLE,

      Plaintiff,                          No. CIV S-03-0852 LKK DAD P

   vs.

D.L. RUNNELS, et al.,

      Defendants.                  <u>ORDER</u>

_____/

        The undersigned has issued findings and recommendations recommending that defendants' October 20, 2004 motion for summary judgment be granted.  The parties were granted twenty days to file any objections.  Plaintiff has submitted a request for enlargement of time to file objections and a Rule 56(f) motion.

        Plaintiff states that "[e]vidence needed, is unavailable and will require a minimum of 45 days to locate, obtain affidavits, and present genuine issues and material fact."  Plaintiff does not identify any document or declaration he would locate or obtain.  Nor does plaintiff describe the contents of the documents and declarations he would locate or obtain, or explain what the documents and declarations would prove.  Plaintiff merely asserts that unidentified evidence will show that the defendants "are not truthful" and "change the legal schematics of this case."  Plaintiff asks for an order authorizing him to conduct an investigation that will include,

1

but not be limited to, "contacting staff and inmate witnesses" and obtaining "relevant documented reports and evidence contained in his Central file, and in the custody of Defendants." Plaintiff does not identify the staff or inmate witnesses he would contact or the reports and other evidence he would obtain if permitted to conduct an investigation at this late date. He states that he is merely seeking the opportunity "to locate, prepare, and present the legal bullets per se, to shoot at Defendant's Summary Judgment motion" or, in the alternative, an opportunity to amend his complaint in ways that are not specified.

The incident at issue in this case occurred on November 8, 2001. More than three and half years after the incident, plaintiff has filed a second Rule 56(f) motion that is as vague and inadequate as the Rule 56(f) motion presented nine months ago in his opposition to defendants' summary judgment motion.

> The procedural history of this case demonstrates that plaintiff had adequate time for discovery. Defendants appeared in the action on September 9, 2003, and a discovery order was issued on September 12, 2003. The court's scheduling order permitted the parties to conduct discovery through September 3, 2004. Despite the fact that discovery had proceeded for a full year, the undersigned gave careful consideration to plaintiff's untimely motion to compel and his last-minute application to extend the pretrial motion deadline for the purpose of exploring possible amendments to his complaint. The undersigned determined that the discovery responses at issue were adequate, that plaintiff failed to show how any of the additional documents sought are relevant to the claims alleged against defendants Martin, Perry, and Ingwerson, and that plaintiff had not made the required showing of good cause for a modification of the scheduling order. In opposition to defendants' summary judgment motion, plaintiff has offered no additional information or argument that supports a Rule 56(f) continuance.

(Findings & Recommendations filed July 25, 2005, at 12.) Plaintiff's second Rule 56(f) motion offers no basis for a Rule 56(f) continuance. The motion will be denied.

The twenty-day period for filing objections will be extended by twenty days. No further extension of time will be granted for the filing of objections.

/////

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's August 19, 2005 motion pursuant to Rule 56(f) is denied;

2. Plaintiff's August 19, 2005 request for enlargement of time to file objections is granted in part;

3. Plaintiff shall place his objections to findings and recommendations in the mail to the court and defendants' counsel on or before September 6, 2005; no further extension of time will be granted for this purpose; and

4. Any reply to objections shall be filed and served on or before September 19, 2005.

DATED: August 23, 2005.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
batt0852.eotobjs